UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RATANSHA PARABIA and ROSHNI PARABIA, a married couple, <br><br> Defendants. | NO: 2:19-CV-0062-TOR <br><br> ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff Red Lion Hotels Franchising, Inc.'s Motion for Entry of Default Judgment (ECF No. 14). The Motion was submitted without a request for oral argument. The Court has reviewed the motion and the file herein, and is fully informed. As discussed below, the Motion is **granted**.

**GOVERNING LAW**

Obtaining a default judgment under Federal Rule of Civil Procedure 55(b) is a two-step process. A party must first file a motion for entry of default, obtain a

ORDER GRANTING MOTION FOR
ENTRY OF DEFAULT JUDGMENT ~ 1

Clerk's Order of Default, and then file a separate motion for default judgment. *See* Local Rule 55.1. Federal Rule of Civil Procedure 55(b) provides that a plaintiff is entitled to default judgment by the clerk where the "claim is for a sum certain or a sum that can be made certain by computation" or by the Court in all other cases. When a party applies for default judgment with the Court, the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55 (emphasis removed).

"Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.* at 917-18 (citation omitted). The decision whether to enter default judgment is within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

## BACKGROUND

Plaintiff Red Lion Hotels Franchising, Inc. and Salimar, Inc. ("Salimar") entered into a Franchise Licensing Agreement in April of 2015 ("Licensing

ORDER GRANTING MOTION FOR
ENTRY OF DEFAULT JUDGMENT ~ 2

Agreement"). The Agreement required Salimar, Inc. to pay application fees, monthly royalty fees, monthly program fees, and "other fees" (such as reservation fees and marketing fees). ECF No. 16-1 at 12-13; *see* ECF No. 16 at 2-3, ¶¶ 7-12. The Agreement also contained a liquidated damages provision in the amount of 8.5 percent of the average monthly "Gross Rooms Revenue" (all revenues derived from the sale or rental of rooms) multiplied by 12; the average monthly Gross Rooms Revenue is the average of the monthly Gross Rooms Revenue for the 24 months preceding the termination. ECF No. 16-1 at 3 (definition of Gross Rooms Revenue), 32 (amendment to liquidated damages provision); *see* ECF No. 16 at 4, ¶ 16.

Sam Parabia[1] and Defendants Ratansha Parabia and Roshni Parabia entered into a "Guarantee of Franchise License Agreement" ("Guarantee Agreement") in April of 2015 holding Defendants personally liable for the payment and performance of the Licensing Agreement. *See* ECF No. 1-1 (Guarantee Agreement).

Salimar became delinquent in paying amounts owed beginning in July 2015 and continuing thereafter. ECF No. 16 at 3-4, ¶¶ 13-14; *see* ECF No. 16-3 at 3-4.

---

[1] Plaintiff voluntarily dismissed Sam Parabia without prejudice from this action. ECF Nos. 9; 10.

On April 29, 2018, prior to the expiration, Plaintiff terminated the Licensing Agreement "as a result of Salimar transferring the title and ownership of the hotel to JP World Enterprises, Inc., without [Plaintiff's] consent in violation of the" Licensing Agreement, which triggered Plaintiff's "right to recover liquidated damages". ECF No. 16 at 4, ¶ 15.

**DISCUSSION**

Plaintiff submitted a motion for entry of default on August 29, 2019. ECF No. 11. The Clerk of Court entered the Clerk's Order of Default against Ratansha Parabia and Roshni Parabia on September 30, 2019. *See* ECF No. 13. Plaintiff has thus completed the first step in seeking a default judgment against Defendants.

Plaintiff asserts Defendants owe **$684,538.47** in past due fees (the monthly fees), **$7,881.53** in "Third Party Distribution Fees" ("other fees" from "Expedia"), and **$195,618.22** for future lost "Royalty and Marketing fees" (liquidated damages)—for a total of **$888,038.22**—pursuant to the Guarantee Agreement signed by Defendants in relation to the Licensing Agreement. ECF No. 14 at 3-4. Plaintiff submitted a declaration by Nate Troup, the "SVP Chief Accounting Officer of Corporate Accounting" for Red Lion Hotels Corporation, with supporting documentation establishing the amount due. *See* ECF Nos. 16; 16-1 (Licensing Agreement); 16-2 (breakdown of monthly fees); 16-3 (customer statements showing balance); 16-4 (calculation of liquidated damages); 16-5

(termination letter).  Plaintiff has provided sufficient evidence of the amounts due and is thus entitled to the judgment sought.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Plaintiff Red Lion Hotels Franchising, Inc.'s Motion for Default Judgment (ECF No. 14) is **GRANTED**.  Plaintiff is entitled to default judgment against Ratansha Parabia and Roshni Parabia, jointly and severally, in the amount of **$888,038.22** plus costs and statutory interest accruing thereafter pursuant to 28 U.S.C. § 1961 at 1.55%.

The District Court Executive is hereby directed to enter this Order and Judgment accordingly and furnish copies to counsel.

**DATED** November 25, 2019.



THOMAS O. RICE
Chief United States District Judge